UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SHAMAR JEFFERSON

                Plaintiff,                            **ECF CASE**

  -against-

                                                            **TRIAL BY JURY**
                                                             **DEMANDED**

THE CITY OF NEW YORK (CITY); THE NEW
YORK CITY POLICE DEPARTMENT (NYPD);      CIVIL NO.
Individually and in his official capacity as then
NEW YORK CITY POLICE OFFICER –
POLICE OFFICER JOSEPH FRANCO

                Defendants.
------------------------------------------------------------X

Plaintiff, Shamar Jefferson by and through his attorney, Rudy Velez, Esq., respectfully shows to this court and alleges, as follows:

## INTRODUCTION

1. This is a civil rights action in which the plaintiff, SHAMAR JEFFERSON seeks relief for the defendants' violations of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §1983 and the Fourth and fourteenth Amendments of the New York State Constitution and Constitution of the United States.

2. Plaintiff seeks money damages, attorney's fees and such further relief as this Court deems just and proper.

3. This action has commenced within three years after plaintiff's claim arose by reason of the termination of the criminal prosecution in favor of the plaintiff.

## JURISDICTION AND VENUE

4. This action is brought pursuant to 42 U.S.C. §1983 and 1988, and the

Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

5. Jurisdiction is founded upon 28 U.S.C. §1331,1343 (1-4) and 2202.

   ☐ Venue is proper in this district pursuant to 28 U.S.C. sec.1391 b.

## JURY DEMAND

6. Plaintiff demands trial by jury in this action.

## PARTIES

7. Plaintiff SHAMAR JEFFERSON (JEFFERSON) is an American Citizen residing in Brooklyn, New York.

8. Defendant CITY OF NEW YORK (CITY) is a municipal corporation organized under the laws of the State of New York and the public employer of the police officer named as a defendant in this action.

9. Defendant NEW YORK CITY POLICE DEPARTMENT (NYPD) is an agency of the City of New York, existing and operating by virtue of the laws of the State of New York and the City of New York.

10. At all times relevant herein, defendant POLICE OFFICER JOSEPH FRANCO (FRANCO) was a Police Officer of the NYPD, acting as an agent, servant and employee of defendant CITY and in furtherance of the scope of his employment and acting under color of the law; to wit under color of statues, ordinances, regulations, policies, customs and usages of the CITY and/or the Police Department.

11. At all times relevant herein, defendant FRANCO, was a police officer employed by the NYPD.

Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

5. Jurisdiction is founded upon 28 U.S.C. §1331,1343 (1-4) and 2202.

   ☐ Venue is proper in this district pursuant to 28 U.S.C. sec.1391 b.

## JURY DEMAND

6. Plaintiff demands trial by jury in this action.

## PARTIES

7. Plaintiff SHAMAR JEFFERSON (JEFFERSON) is an American Citizen residing in Brooklyn, New York.

8. Defendant CITY OF NEW YORK (CITY) is a municipal corporation organized under the laws of the State of New York and the public employer of the police officer named as a defendant in this action.

9. Defendant NEW YORK CITY POLICE DEPARTMENT (NYPD) is an agency of the City of New York, existing and operating by virtue of the laws of the State of New York and the City of New York.

10. At all times relevant herein, defendant POLICE OFFICER JOSEPH FRANCO (FRANCO) was a Police Officer of the NYPD, acting as an agent, servant and employee of defendant CITY and in furtherance of the scope of his employment and acting under color of the law; to wit under color of statues, ordinances, regulations, policies, customs and usages of the CITY and/or the Police Department.

11. At all times relevant herein, defendant FRANCO, was a police officer employed by the NYPD.

12. FRANCO was fired from NYPD after his felony conviction in January, 2011 for conspiracy to steal drugs from suspects and give the dope to snitches. He resigned from the NYPD.

13. At all times relevant herein, defendant FRANCO was acting as agent, servant and employee of defendant City of New York.

14. At all times relevant herein, the defendant was all acting under color of state law.

### FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

15. On May 23, 2014 , at approximately 06:00 P.M. plaintiff was in the vicinity of 1080 Anderson Avenue, Bronx , N.Y. hanging out with a few friends.. Officer FRANCO claims to have recovered 4 plastic twists containing a white rock-like substance believed to be crack/cocaine. Franco claims he observed JEFFERSON acting in concert with another person in that FRANCO claims he observed one Diana Ramirez approach one Daryl Mackey and engage in a drug related conversation with Mackey. FRANCO also claims he observed JEFFERSON standing next to Mackey when Ramirez spoke to Mackey. The police searched JEFFERSON and allegedly recovered crack/cocaine in JEFFERSON'S waistband.

16. JEFFERSON was arrested and taken to Bronx Central Booking.

17. These charges were entirely fabricated. Plaintiff did not sell narcotics..

18. In his sworn Criminal Court Complaint, defendant FRANCO claimed that plaintiff was observed by him to have acted in concert with Mackey, in that FRANCO claimed that because JEFFERSON was standing next to Mackey when Mackey allegedly sold crack/cocaine to Ramirez, Jefferson was also involved in that sale.

19. This sworn statement was entirely fabricated. Plaintiff did not engage in the sale of any crack/cocaine.

20. Once FRANCO was discovered to have committed perjury when he worked as an undercover narcotics detective in the Bronx from 2011-2015. Plaintiff's conviction was vacated with the consent of the Bronx County District Attorney's Office on September 24, 2021. Other convictions from cases in which FRANCO had participated were also vacated onor about that date (see attached appendix statement by the Bronx District Attorney's Office. Exhibit A).

21. According to a New York Times article of April 6, 2021, the Bronx County District Attorney's office consented to the vacatur of convictions in which FRANCO played a key role.

22. On September 2, 2021 Plaintiff's criminal court counsel moved to vacate Plaintiff's convictions pursuant to C.P.L.§ 440.10

23. According to the same article in 2121 90 convictions were vacated upon consent of the District Attorneys because the convictions depended on the word of FRANCO who was now charged with perjury and played a key role in these cases.

24. While in jail, Plaintiff was threatened with physical violence by other inmates. He was severely traumatized and suffered severe physical and emotional harm.

25. The acts complained of herein, and the vacatur of 90 convictions referenced in paragraph 23 are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police officers and supervisory officers.

26. The failure of the City of New York and the NYPD to properly select, train, severity, promote and discipline police officers and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

27. The official policies, practices and customs of the City of New York and the NYPD, alleged herein violated Plaintiff' rights guaranteed by 42 USC § 1983 and the Fourth and Fourteenth Amendments to the Constitution of the United States. The conduct towards Plaintiff alleged in this Second Claim for Relief subjected Plaintiff to: trauma, shock, debasement, shame, fright, fear, humiliation, harassment. embarrassment, loss of freedom, physical injury, psychological injury, emotional injury, trauma, pain and suffering.

28. The Supreme Court of New York, County of Bronx ordered that Plaintiff's judgements of conviction be vacated onSeptember 24, 2021 because her due process rights were violated pursuant to the United State Constitution. In addition, on this same date, it was further ordered that Plaintiff's indictment be dismissed with prejudice.

## CAUSES OF ACTION

### COUNT ONE

### 42 U.S.C. § 1981, 1983 Fourth and Fourteenth

### Violations: Malicious Prosecution

29. The plaintiff incorporates by reference the allegations set forth in all proceeding paragraphs 1 through 28 as if fully set forth herein.

30. On or about May 23, 2014 the defendants initiated a criminal proceeding against the plaintiff by misrepresenting and falsifying evidence in the criminal court complaint brought by then P.O. FRANCO P.O. FRANCO continued his lies in the grand jury in order to secure an indictment.

31. P.O. FRANCO was the primary witness and there was no other independent evidence to support his claims.

32. Plaintiff states that then P.O. FRANCO did not make a complete and full statement of facts. P.O. FRANCO misrepresented and falsified evidence that created a falsehood in signing the felony complaint and P.O. FRANCO lies were material for a finding of probable cause.

33. In commencing and continuing the prosecution of plaintiff, defendants caused plaintiff to be falsely charged with acts in violation of the Penal law of the State of New York.

34. Plaintiff had not given defendant CITY, its agents, servants or employees, including then P.O. FRANCO probable cause to believe that plaintiff had committed the falsely charged illegal acts.

35. The defendants acted with malice because then P.O. FRANCO did not arrest the plaintiff with the desire to see the ends of justice served but rather with a false motive of planting and fabricating evidence.

36. As a result of the false evidence provided by defendants, plaintiff was forced under threat of issuance of a warrant to defend against false charges.

37. Plaintiff ultimately was deprived of his liberty by serving 2 years incarceration. In addition his liberty was further restricted by Plaintiff completing supervised- release,

for a period of 2 years.

38. The conduct of the defendants was the direct and proximate cause of plaintiff's loss of liberty by serving 2 years incarceration and 2 years of supervised release.

39. On September 24, 2022, plaintiff's conviction was vacated and the indictment dismissed with prejudice pursuant to an order of the Supreme Court, of the State of New York.

## COUNT TWO

## 42 U.S.C.§1981, 1983 AND THE FOURTEENTH AMENDMENT

## VIOLATIONS FOR FABRICATED EVIDENCE

40. Plaintiff repeats and reiterated the allegations contained in paragraphs "1" through "39" of the complaint as if fully set forth herein.

41. On or about May 23, 2014 in the County of the Bronx, New York, JEFFERSON was unlawfully detained, arrested, imprisoned by agents, servants and/or employees of the defendant, CITY including P.O. FRANCO. The aforesaid and imprisonment was malicious, unlawful, and not based upon a warrant, probable cause, and or any justification but based on fabricated – evidence.

42. That defendant CITY, through its agents, servants and/or employees, including police defendants, P.O. FRANCO acted in bad faith and without probable cause in committing the aforesaid arrest and imprisonment of JEFFERSON. Police Officer FRANCO fabricated information, to wit he lied about plaintiff's participation in the sale of crack/cocaine.

43. That the aforesaid arrest and restriction of freedom by being placed on probation was made with fabricated evidence as sworn to in the criminal complaint. The information FRANCO forwarded to prosecutors formed the basis for JEFFERSON'S prosecution and JEFFERSON became aware that this fabricated evidence, if believed, would likely influence a jury's verdict and convict JEFFERSON.

44. The aforesaid fabrication of evidence caused JEFFERSON to suffer a deprivation of his liberty by serving 2 years incarceration and 2 years of supervised release.

45. By reason of the foregoing, the defendants became liable to JEFFERSON in a sum of money which exceeds the jurisdiction limits of all courts of lesser jurisdiction.

## COUNT THREE

## MUNICIPAL LIABILITY FOR

## CONSTITUTIONAL VIOLATIONS: MONELL CLAIM

46. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs "1" through 45" of this complaint.

47. Prior to May 23, 2014 defendant CITY developed and maintained policies and customs which caused the deprivation of plaintiff's Constitutional rights.

48. Prior to May 23, 2014 the responsible policy making officials of defendant CITY knew, or in the exercise of reasonable care should have known, that individual police officers of the CITY had engaged in a pattern and practice of Illegal and unconstitutional conduct, including performing false arrests, malicious prosecutions and unconstitutional searches on arrestees. Specifically, defendant CITY knew or should have known that defendant P.O. FRANCO and other police officers had

falsely arrested and/or unlawfully searched numerous other people, often resulting in tainted prosecutions.

49. Despite knowledge of the aforesaid, pattern and practice, defendant CITY failed to properly investigate this conduct, and failed to supervise, train and discipline the officers of the New York City Police Department.

50. Defendant CITY adopted a "hands off' policy of custom with regard to such illegal and unconstitutional acts committed by police officers, which encouraged the individual defendants in this case to believe that they could violate the constitutional rights of the plaintiff with impunity and with the explicit or tacit approval of defendant CITY, in violation of 42 U.S.C. § 1983.

**51.** As a result of the foregoing, plaintiff sustained the damages and injuries previously described, and seeks compensatory damages from the City of New York.

## DAMAGES

52. As a direct and proximate result of the said acts of the defendant, SHAMAR JEFFERSON suffered the following injuries and damages:
    a. Violation of his rights under the Fourth and Fourteenth Amendments to the Constitution:
    b. Loss of physical liberty due to serving 2 years incarceration:
    c. Further restriction on his liberty due to forced court appearances and 2 years of supervised release:
    d. Humiliation, embarrassment, injury to reputation, physical abuse;
    e. Extreme emotional distress;

  f. Severe disruption of family.

**WHEREFORE**, plaintiff requests the following relief as against all of the defendants:

1. Award compensatory damages in an amount to be determined by the Court.

2. Award attorneys' fees as fair and reasonable compensation for services rendered in connection with this action;

3. For such other and further relief as to this Court may deem just and proper.

Respectfully submitted,

*/s/ Rudy Velez/*

RUDY VELEZ/ RV/7160
930 Grand Concourse suite 1A
Bronx, New York 10451
(917) 674-0573
rvesq@yahoo.com

Dated: September 2, 2024
Bronx, New York